THOMPSON COBURN LLP
MITCHELL REINIS, CSB 36131
mreinis@thompsoncoburn.com
DIANA A. SANDERS, CSB 296689
dsanders@thompsoncoburn,com
2029 Century Park East, 19th Floor
Los Angeles, California 90067
Tel: 310.282.2500 / Fax: 310.282.2501

Attorneys for Plaintiff Patricia Ward Kelly

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA WARD KELLY, an individual, | CASE NO.  2:16-cv-02960 |
| Plaintiff, | |
| vs. | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| UNIVERSITY PRESS OF MISSISSIPPI, a Mississippi Corporation, KELLI MARSHALL, an individual, and DOES 1 through 10, | **(VERIFIED)** |
| | **JURY DEMAND** |
| Defendants. | |

Plaintiff, Patricia Ward Kelly, alleges:

## FIRST CLAIM

### (Copyright Infringement)

1.     Plaintiff, Patricia Ward Kelly ("Plaintiff"), is an individual who resides, and at all times herein concerned did reside, in Los Angeles, California.  Plaintiff is the surviving spouse of Eugene C. Kelly ("Gene Kelly"), an internationally known dancer, director, choreographer, actor, and entertainer best known for his starring roles in the classic films *Singin' in the Rain* and *An American in Paris*.  Plaintiff is the duly appointed and acting Executrix of the Estate of Gene Kelly and the owner of all of the copyrights at issue in this case.  Plaintiff is also a writer, performer, public speaker,

1  archivist and authority on Gene Kelly's life and work.  Plaintiff has devoted her adult life

2  and career to promoting and protecting all aspects of Gene Kelly's legacy by writing,

3  directing and performing works that rely on the copyrights at issue in this case.

4           2.      Plaintiff is informed and believes and upon such information and

5  belief alleges that defendant, University Press of Mississippi ("University Press), is a non-

6  profit corporation organized under the laws of, and maintaining its principal place of

7  business in, the State of Mississippi.  Plaintiff is informed and believes and upon such

8  information and belief alleges that University Press conducts a literary publishing business

9  nationally and internationally, including a sales office in the Central District of California.

10          3.      Plaintiff is informed and believes and upon such information and

11  belief alleges that defendant, Kelli Marshall, is an individual who resides in Chicago,

12  Illinois.  Plaintiff is informed and believes and upon such information and belief alleges

13  that Marshall is an instructor at the DePaul University College of Communication and

14  edits and causes publication of literary works on popular culture and public figures

15  nationally, including in the Central District of California.  Marshall also maintains an

16  active website on the World Wide Web that advertises her projects nationally, worldwide

17  and in the Central District of California.

18          4.      The true names or capacities, whether individual, corporate, associate

19  or otherwise of the defendants sued herein as Does 1 through 10, are unknown to Plaintiff

20  who, therefore, sues such defendants by fictitious names.  Plaintiff will ask leave to amend

21  this pleading to show their true names or capacities when the same have been ascertained.

22  Plaintiff is informed and believes and upon such information and belief alleges that the

23  DOE defendants are related entities, representatives, and agents of the named defendants

24  or conspired with and aided and abetted the other defendants to do the things complained

25  of herein.

26          5.      This claim arises under the copyright laws of the United States, Title

27  17, United States Code, and the Court's jurisdiction is founded upon 28 U.S.C. § 1338.

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT (VERIFIED)

6.     This Court has personal jurisdiction over University Press in that the alleged willful infringing conduct by University Press is expressly aimed at Plaintiff, a California resident, and has a direct impact on the State of California.  Further, Plaintiff is informed and believes and upon such information and belief alleges that this Court has personal jurisdiction over University Press in that University Press engages in continuous and systematic business in California and derives revenues from its commercial activities in California.  Plaintiff is informed and believes and upon such information and belief alleges that University Press maintains a sales office at 2031 North Craig Avenue, Altadena, California, which sales office is advertised and disclosed on the official website for University Press, www.upress.state.ms.us.  University Press' maintains an active website whereby it includes its catalog of works and provides a mechanism by which customers, including those in California, can purchase works online through the website. Plaintiff is informed and believes and upon such information and belief alleges that University Press' publications are offered for sale in California and sold domestically in interstate commerce,  including in the State of California.

7.     This Court has personal jurisdiction over Marshall in that the alleged infringing conduct by Marshall is willful, expressly aimed at Plaintiff, a California resident, and has a known impact on the State of California.  Plaintiff is informed and believes and upon such information and belief alleges that this Court has personal jurisdiction over Marshall in that Marshall engages in continuous and systematic business activities in California and derives revenues from her commercial activities in California. Plaintiff is further informed and believes and upon such information and belief alleges that since 2015, Marshall has engaged in continuous commercial activities in California and has sold and distributed literary works through I-5 Publishing, LLC, a limited liability company authorized to do and doing business in California with an agent for service of process in Glendale, California.  Plaintiff is informed and believes and upon such information and belief further alleges that Marshall's book, *Locating Shakespeare in the*

3

*Twenty-First Century*, has been targeted and sold to California residents.  Further, Marshall owns and operates the website www.kellimarshall.net, that she utilizes to promote herself and her publications domestically in every state, including the State of California.  Marshall's website is interactive and provides users, including California users, links to engage in commercial transactions to purchase her publications.  Marshall also maintains an active and global online presence, promoting and advertising her name and works through blogs, social media platforms and media outlets, including www.genekellyfans.com, twitter.com/kellimarshall, and www.chroniclevitae.com/people/ 22828- kelli-marshall/articles, all of which provide a direct and substantial nexus between Plaintiff's claims in this case and Defendants' transaction of business with California residents.

8.     Venue is proper in this District under Title 28 U.S.C. §§ 1400(a) and 1391(b).  It is a place where a substantial part of the events or omissions giving rise to the claim occurred, where Plaintiff has been injured and damaged, and where Defendants have done and are doing business.

9.     Plaintiff's late husband, Gene Kelly, enjoyed great international success in movies and on stage.  As a result of his fame, he participated in various press and promotional endeavors, including interviews to news and media publications.

10.     The spoken and written words by Gene Kelly during all of his interviews ("Interviews") are original works of authorship and are copyrightable subject matter under the laws of the United States.

11.     Prior to and during Gene Kelly's marriage to Plaintiff, which lasted until his death in 1996, Plaintiff was designated as Mr. Kelly's official biographer and archivist of his materials, including letters, interviews, manuscripts, holograph notes, photographs, memorabilia, and related items.  Plaintiff is the sole, official authority entrusted by Gene Kelly to promote and protect his legacy.  In these capacities, Plaintiff documented his life and work, and collected, organized and catalogued his materials,

COMPLAINT FOR COPYRIGHT INFRINGEMENT (VERIFIED)

1  including the Interviews, so that these materials could be used to write books, create online

2  platforms, and produce films, educational talks and shows, so as to provide an accurate

3  record of Gene Kelly's life and work.

4        12.    In accordance with Gene Kelly's Will and the Eugene C. Kelly

5  Family Trust, Plaintiff was bequeathed and succeeded to the rights to Gene Kelly's

6  intellectual property, including the copyrights in and to the Interviews.

7        13.    At all times herein concerned, Plaintiff has been and still is the sole

8  proprietor of all right, title, and interest in and to the copyrights in the Interviews.

9        14.    Among the exclusive rights granted to Plaintiff under the Copyright

10  Act are the exclusive rights to reproduce, publish and distribute the Interviews and to

11  prepare derivative works based upon the Interviews.

12        15.    Plaintiff is a writer, performer and public speaker in her own right and

13  has published numerous works, including articles and varying accounts about the life and

14  work of her late husband.  Following Mr. Kelly's death, and in fulfilling his wishes,

15  Plaintiff continues to preserve, catalogue and utilize Gene Kelly's written and recorded

16  words and other works, including the Interviews, to further his legacy.  In 2011, as part of

17  these efforts, Plaintiff formed *The Gene Kelly Legacy, Inc.,* a corporation established to

18  promote and protect Gene Kelly's artistry worldwide.   As the official authority on Gene

19  Kelly, Plaintiff has introduced his films around the world, spoken in scores of high schools

20  and universities, participated in numerous interviews, presented awards in Mr. Kelly's

21  honor, and recorded commentary for media outlets, all of which rely heavily on the

22  Interviews.  In 2012,  Plaintiff launched a one-woman show, GENE KELLY:  THE

23  LEGACY *An Evening with Patricia Ward Kelly*, which show relies heavily on the

24  Interviews, performances, and thoughts.  This show continues to tour to sold-out audiences

25  across the country and abroad.

26        16.    All of these endeavors, as part of *The Gene Kelly Legacy* platform,

27  have been essential to building momentum and creating a market demand in anticipation of

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT (VERIFIED)

1    Plaintiff's forthcoming projects that include an official Gene Kelly memoir, an official

2    Symphonic/Cinema Tribute titled GENE KELLY: A LIFE IN MUSIC, a "virtual" GENE

3    KELLY EXPERIENCE online platform, and continued performances of her one-woman

4    show.  Each of these projects incorporates Mr. Kelly's unique expressions about his life

5    and work by extensively utilizing and relying on his Interviews.  The accuracy and

6    authenticity of *The Gene Kelly Legacy* is dependent upon Plaintiff's ability to control and

7    use Gene Kelly's intellectual property, especially the Interviews.

8            17.    Prior to the filing of this pleading, Plaintiff complied in all respects

9    with the Copyright Act and all other laws governing copyright, and filed registration

10   applications to protect her exclusive rights and privileges in and to the copyrights of the

11   Interviews.  Attached hereto as Exhibit A are the registration applications for the

12   Interviews believed by Plaintiff to be the subject of Defendants' forthcoming infringing

13   publication.

14           18.    On or about March 29, 2016, Plaintiff was contacted by defendant

15   Marshall via a Facebook message inquiring whether permission is needed to include

16   several of the Interviews in a printed book Marshall is planning to cause to be issued by

17   and through University Press.

18           19.    On or about March 29, 2016, Plaintiff responded to Marshall via

19   Facebook message, stating, "Yes, Gene's words are his intellectual property . . . as are his

20   letters, holograph notes, magazine pieces, etc. . . . You must obtain permission to use

21   them."

22           20.    On or about March 29, 2016, Marshall responded to Plaintiff via

23   Facebook message, informing Plaintiff that Marshall is in the process of editing a book of

24   Gene Kelly interviews for co-defendant, University Press, as part of the University Press'

25   "Conversations with Filmmakers" series (the "Book").  Marshall stated that she intends to

26   use various Gene Kelly interviews, including several interviews Gene Kelly had conducted

27   with the British Broadcasting Company ("BBC").  Marshall sought Plaintiff's permission

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT (VERIFIED)

1  for use of those Interviews.

2        21.      On or about March 29, 2016, Marshall sent several follow-up

3  Facebook messages to Plaintiff, asking Plaintiff to respond by week's end.

4        22.      Marshall is advertising on her website, www.kellimarshall.net, the

5  Book as follows: "Her book *Gene Kelly: Interviews . . . is* forthcoming from the University

6  of Mississippi Press."

7        23.      The website for the faculty in the College of Communications at

8  DePaul University contains the following notices posted on Marshall's Faculty

9  "Instructor" page: "Her book *Gene Kelly: Interviews* . . . is forthcoming from the

10  University of Mississippi Press."  On the same page, under the heading of "Selected

11  Publications and Research – Books," the following item is listed: "*Gene Kelly: Interviews.*

12  (Ed.) (University of Mississippi Press)."

13        24.      On March 31, 2016, Plaintiff, through counsel, sent defendants

14  Marshall and the University Press a letter ("Cease and Desist Letter") via electronic mail

15  and certified mail.  The Cease and Desist Letter advised the Defendants that no permission

16  is, or ever has been, granted to use the Interviews or any other Gene Kelly intellectual

17  property for the Book or otherwise.  The Cease and Desist Letter demanded that the Book

18  project be discontinued and that written confirmation of its discontinuance be sent to

19  Plaintiff's counsel by April 7, 2016.

20        25.      Each of the Defendants received the Cease and Desist Letter and

21  signed for the receipt thereof.  Marshall never responded to the Cease and Desist Letter.

22        26.      On April 11, 2016, University Press responded to Plaintiff's counsel

23  by letter, stating that University Press was going ahead with the Book upon obtaining

24  permission from unidentified third parties and would use the Interviews in the Infringing

25  Book, except for the Interviews with the BBC.

26        27.      On April 18, 2016, Plaintiff's counsel responded to University Press

27  by email (copying Marshall), stating that Plaintiff owns the copyrights to <u>all</u> of the

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT (VERIFIED)

1    Interviews, not just interviews with the BBC, and that Defendants have no permission to

2    use any of the Interviews for the Book or for any other purpose.  In that same email,

3    Plaintiff's counsel advised University Press that the threatened publication is highly

4    damaging to Plaintiff's rights and, unless Defendants cease and desist, Plaintiff would seek

5    damages, including statutory damages, for willful infringement of the copyrights in the

6    Interviews.

7          28.    Defendants have not responded to the April 18, 2016 email from

8    Plaintiff's counsel.

9          29.    After receipt of the Cease and Desist Letter and the follow up email of

10   April 18, 2016, Marshall did not remove or otherwise alter the advertisement about the

11   Book being published on her website, www.kellimarshall.net.  As of the date of the filing

12   of this Complaint, Marshall continues to advertise the Book as set forth above in

13   Paragraphs 22 and 23.

14         30.    Defendants' intended and threatened publication and dissemination of

15   the Interviews constitutes infringement under the United States Copyright laws.

16         31.    Defendants' intended and threatened publication and dissemination of

17   the Interviews is willful, deliberate and in disregard of and with indifference to the rights

18   of Plaintiff, the owner of the copyrights in the Interviews.

19         32.    Plaintiff has no adequate remedy at law for the foregoing wrongful

20   conduct in that it is impossible to calculate the damage to Plaintiff.  The conduct of

21   Defendants, unless enjoined and restrained by this Court, will cause Plaintiff great and

22   irreparable injury that cannot fully be compensated or measured in money. Pursuant to 17

23   U.S.C §§  502 and 503, Plaintiff is entitled to a temporary restraining order and

24   preliminary and permanent injunctive relief prohibiting Defendants from publishing the

25   Interviews and infringing Plaintiff's copyrights in and to the Interviews, and ordering

26   Defendants to destroy all copies of the Interviews made in violation of Plaintiff's exclusive

27   rights.

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT (VERIFIED)

1         33.    As a result of Defendants' threatened infringement of Plaintiff's

2    copyrights and her exclusive rights in and to the Interviews, Plaintiff is entitled to actual

3    and statutory damages and profits.  Plaintiff is also entitled to attorney fees and costs

4    pursuant to 17 U.S.C § 505.

5        WHEREFORE, Plaintiff prays for judgment as follows:

6        1. For a temporary restraining order and preliminary and permanent injunction

7    ordering Defendants, their agents, employees, attorneys, and all persons in active concert

8    or participation with them to cease and refrain immediately and until a final hearing and

9    determination of this action, from duplicating, copying, posting, advertising, exploiting,

10   editing, printing, publishing, releasing, selling, offering to sell, marketing, disseminating or

11   in any manner using the Interviews or any other copyrighted matter belonging to Plaintiff,

12   or any substantial portion thereof;

13       2. For actual and compensatory damages and profits;

14       3. For an order for destruction, deletion or elimination of all of Defendants'

15   products and advertising and promotional material bearing, utilizing or incorporating the

16   Interviews, or any portion thereof, or any other copyrighted matter belonging to Plaintiff,

17   or any substantial portion thereof, and removal of same from the Internet;

18       4. For statutory damages for the violation of Plaintiff's copyrights;

19       5. For an award of attorney fees and costs as allowed by law; and

20       6. For such other and further relief as this Court may deem just and proper.

21

22   DATED:  April 29, 2016                    **THOMPSON COBURN LLP**

23

24

25                                By:    /s/ Mitchell Reinis

                                      **MITCHELL REINIS**

26                                         **DIANA A. SANDERS**

                                      Attorneys for Plaintiff Patricia Ward Kelly

27

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT (VERIFIED)

# DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

DATED:  April 29, 2016                **THOMPSON COBURN LLP**


By:      /s/ Mitchell Reinis
**MITCHELL REINIS**
**DIANA A. SANDERS**
Attorneys for Plaintiff Patricia Ward Kelly

COMPLAINT FOR COPYRIGHT INFRINGEMENT (VERIFIED)

VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, Patricia Ward Kelly, states:

1.      I am the Plaintiff in this civil proceeding.

2.      I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.      I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4.      I believe that this Complaint is not interposed for any improper purpose such as to harass any Defendants, cause unnecessary delay to the Defendants, or create a needless increase in the cost of litigation to the Defendants named in the Complaint.

5.      I have filed this Complaint in good faith and solely for the purposes set forth in it.

6.      Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7.      I have not altered, changed modified or fabricated these exhibits.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed April 29, 2016, at Los Angeles, California.

Patricia Ward Kelly