UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2960 PA (GJSx) | Date | May 3, 2016 |
|---|---|---|---|
| Title | Patricia Ward Kelly v. University Press of Mississippi, et al | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Stephen Montes Kerr | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS - COURT ORDER

    Before the Court is an Ex Parte Application for a Temporary Restraining Order ("TRO Application") filed by plaintiff Patricia Ward Kelly ("Plaintiff").  (Docket No. 8).  Plaintiff's TRO Application seeks to enjoin defendants University Press of Mississippi ("University Press") and Kelli Marshall (collectively "Defendants") from using certain intellectual property which Plaintiff purports to own.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

    Plaintiff is the surviving spouse of Eugene C. Kelly ("Gene Kelly"), an internationally known entertainer who passed away in 1996.  (Compl. ¶¶ 1, 11.)  After his death, Plaintiff was bequeathed the intellectual property rights in her husband's estate, including the copyright to several interviews he had given.  (Id. ¶ 12.)  On March 29, 2016, Plaintiff learned that Defendants intended to publish a book (the "Allegedly Infringing Book") containing several of these interviews.  (Id. ¶¶ 18-21.)

    On March 31, 2016, Plaintiff, through her counsel, sent Defendants a cease-and-desist letter demanding that Defendants abandon their efforts to publish the Allegedly Infringing Book.  (Id. ¶ 24; Declaration of Patricia Ward Kelly in Support of Plaintiff's TRO Application ("Kelly Decl."), ¶ 12, Ex. 7.)  On April 11, 2016, the University Press responded to the cease-and-desist explaining it was going forward with publication.  (Compl. ¶ 26; Kelly Decl., ¶ 13, Ex. 8.)  However, University Press also advised that the Allegedly Infringing Book would contain only those interviews for which Defendants had obtained a license from the third party publishers which had originally published the interviews.  (Id.)  On April 18, 2016, Plaintiff's counsel sent a second cease-and-desist letter advising Defendants that only Plaintiff, and not any third party publishers, had permission to authorize use of the interviews.  (Compl. ¶ 27; Kelly Decl., ¶ 14, Ex. 9.)

    Plaintiff filed her Complaint and Application for TRO on April 29, 2016.  (Docket Nos. 1, 8.)  At the time that the TRO Application was filed, Plaintiff had not properly given Defendants notice of the TRO Application as required by Local Rules 7-19, and the TRO Application did not include a proof of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2960 PA (GJSx) | Date | May 3, 2016 |
|---|---|---|---|
| Title | Patricia Ward Kelly v. University Press of Mississippi, et al | | |

service as required by Local Rule 5-3.[1/]

      To justify ex parte relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures." Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Indeed, as the Ninth Circuit has stated, "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006).

      The Court concludes that Plaintiff has failed to meet her burden to justify the issuance of the temporary restraining order she seeks on an expedited basis. Neither the Complaint nor the TRO Application contain any representations as to the likely date of publication of the Allegedly Infringing Book. Instead, Plaintiff only claims that the publication is "proceeding," and that if the TRO Application is heard through a regularly noticed motion it may be "possible" that the Allegedly Infringing Book would be published in the interim. (Kelly Decl. ¶ 14; TRO Application, 16.)[2/] Additionally, Plaintiff first threatened to take legal action over one month ago, but filed her ex parte TRO Application without providing Defendants with proper notice. As a result, there is no justification to allow Plaintiff "to go to the head of the line in front of all other litigants and receive special treatment." Mission Power, 883 F. Supp. at 492. The Court therefore denies the Application for TRO without prejudice to its being filed as a regularly-noticed motion.

      Plaintiff's counsel are ordered to serve a copy of this Order on Defendants.

      IT IS SO ORDERED.

---

[1/]    Plaintiff has attempted to cure these deficiencies after her filing the TRO Application. (See Declaration of Diana A. Sanders in Support of TRO Application, ¶¶ 2-9.)

[2/]    Moreover, at least as recently as March 29, 2016, Defendants were still in the preliminary stages of obtaining material for the book. (Kelly Decl., Exs. 2-4.) This further underscores the unlikelihood that the Allegedly Infringing Book will be published before Plaintiff's TRO Application can be heard as a regularly-noticed motion.