UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2960 PA (GJSx) | Date | May 12, 2016 |
|---|---|---|---|
| Title | Patricia Ward Kelly v. University Press of Mississippi, et al | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is an Ex Parte Application for an Order Authorizing Limited Expedited Discovery ("Ex Parte Discovery Application") filed by plaintiff Patricia Ward Kelly ("Plaintiff"). (Docket No. 18).  Plaintiff's Ex Parte Discovery Application seeks expedited discovery from defendants University Press of Mississippi ("University Press") and Kelli Marshall (collectively "Defendants"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

Plaintiff is the surviving spouse of Eugene C. Kelly ("Gene Kelly"), an internationally known entertainer who passed away in 1996. (Compl. ¶¶ 1, 11.)  After Gene Kelly's death, Plaintiff was bequeathed the intellectual property rights in her late husband's estate, including the copyright to several interviews he had given (the "Interviews").  (Id. ¶ 12.)  On March 29, 2016, Plaintiff learned that Defendants intended to publish a book containing several of the Interviews (the "Allegedly Infringing Book").  (Id. ¶¶ 18-21.)

On March 31, 2016, Plaintiff, through her counsel, sent Defendants a cease-and-desist letter demanding that Defendants abandon their efforts to publish the Allegedly Infringing Book.  (Id. ¶ 24; Declaration of Patricia Ward Kelly in Support of Plaintiff's TRO Application ("Kelly Decl."), ¶ 12, Ex. 7.)  On April 11, 2016, the University Press responded to the cease-and-desist letter, explaining that it was going forward with publication.  (Compl. ¶ 26; Kelly Decl., ¶ 13, Ex. 8.)  However, University Press also advised that the Allegedly Infringing Book would contain only material for which Defendants had obtained a license from the third party publishers which had originally published the Interviews. (Id.)  On April 18, 2016, Plaintiff's counsel sent a second cease-and-desist letter advising Defendants that only Plaintiff, and not any third party publishers, had permission to authorize use of the Interviews. (Compl. ¶ 27; Kelly Decl., ¶ 14, Ex. 9.)

Plaintiff filed her Complaint and Ex Parte Application for a Temporary Restraining Order on April 29, 2016.  (Docket Nos. 1, 8.)  After finding that Plaintiff had failed to meet her burden to justify the issuance of an ex parte temporary restraining order, The Court denied the Application without prejudice to it being refiled as a regularly noticed motion.  (Docket No. 14.)  Plaintiff has now filed a regularly noticed Motion for Preliminary Injunction, and the instant Ex Parte Discovery Application. (Docket Nos. 18, 20.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2960 PA (GJSx) | Date | May 12, 2016 |
|---|---|---|---|
| Title | Patricia Ward Kelly v. University Press of Mississippi, et al | | |

    The Ex Parte Discovery Application seeks an Order requiring Defendants to respond, within five calendar days of service, to seven interrogatories related to "the estimated or planned date of publication of the book of infringing Interviews, as well information regarding which Interviews Defendants intend to use and how Defendants claim to have authorization for any such use." (Ex Parte Discovery Application, 2.)[1]

    To justify ex parte relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures." Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Additionally, "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief." Id. "Courts within the Ninth Circuit generally use the 'good cause' standard to determine whether to permit discovery prior to a Rule 26(f) conference." Apple Inc. v. Samsung Elecs. Co., 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011). In determining whether good cause justifies expedited discovery, courts commonly consider factors including: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." American LegalNet, Inc. v. Davis, 673 F. Supp.2d 1063, 1067 (C.D. Cal. 2009).

    Plaintiff has failed to meet her burden of justifying the relief on an ex parte basis. The only prejudice which Plaintiff articulates is that neither she nor the Court will have the benefit of Defendants' responses to the proposed interrogatories at the time of the hearing on Plaintiff's pending Motion for Preliminary Injunction. However, Plaintiff is the party which "creat[ed] the crisis that requires ex parte relief" by filing her Motion without information which she deems central to the Motion's disposition. See Mission Power, 883 F. Supp. at 492; see also Manpower Inc. v. Slingshot Connections LLC, No. 2:12-CV-01069 JAM, 2012 WL 3561974, at *2 (E.D. Cal. Aug. 17, 2012) (holding that a plaintiff could not demonstrate good cause for an ex parte application seeking expedited discovery because plaintiff had selected the hearing date for its motion for preliminary injunction).

    As a result, there is no justification to allow Plaintiff "to go to the head of the line in front of all other litigants and receive special treatment." Id. The Court therefore denies Plaintiff's Ex Parte Discovery Application without prejudice to its being filed as a regularly-noticed motion.

    IT IS SO ORDERED.

---

[1]     The Court notes that on May 9, 2016, Plaintiff's counsel received an email from University Press Director Leila Salisbury, stating: "As to your question about the planned publication, it is in the early stages so we do not yet have a forecast publication date, nor do we have a finalized table of contents showing which specific interviews are to be used." (Declaration of Diana A. Sanders in Support of Plaintiff's Ex Parte Discovery Application, Ex. A.)