**THOMPSON COBURN LLP**
**MITCHELL REINIS, CSB 36131**
mreinis@thompsoncoburn.com
**DIANA A. SANDERS, CSB 296689**
dsanders@thompsoncoburn.com
2029 Century Park East, 19th Floor
Los Angeles, California 90067
Tel: 310.282.2500 / Fax: 310.282.2501

Attorneys for Plaintiff Patricia Ward Kelly

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA WARD KELLY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY PRESS OF MISSISSIPPI, a Mississippi Corporation, KELLI MARSHALL, an individual, and DOES 1 through 10,<br><br>Defendants. | CASE NO. 2:16-cv-02960-PA-GJS<br><br>**PLAINTIFF'S OPPOSITION RE EX PARTE APPLICATION OF DEFENDANT KELLI MARSHALL TO (1) CONTINUE HEARING AGAIN ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND (2) CONTINUE SCHEDULING CONFERENCE**<br><br>*Declaration of Mitchell Reinis filed concurrently herewith* |

**I.   INTRODUCTION**

What Defendant, Kelli Marshall, is now seeking has previously been denied by this Court. Marshall's *ex parte* application to continue the hearing on Plaintiff's Motion for Preliminary Injunction ("Plaintiff's Motion") is untimely and abusive and Marshall herself could have easily avoided the "crisis" crafted by her counsel.

Ms. Marshall has been given more notice and time to retain counsel in this action than any typical litigant. Indeed, Ms. Marshall was initially contacted by Plaintiff's attorneys to cease and desist as early as March 31, 2016. Despite that, on May 23, 2016, Plaintiff, Patricia Ward Kelly, stipulated to a continuance of the

6381442.2

1  hearing on Plaintiff's Motion for both Defendants, University Press of Mississippi
2  and Kelli Marshall.  The Court subsequently Ordered the hearing on Plaintiff's
3  Motion to be continued to July 11, 2016, not August 1, 2016, as Defendants had
4  requested.
5      For undisclosed reasons, Ms. Marshall allegedly and unreasonably delayed
6  retention of counsel to replace her as a party of record herein.[1]  Plaintiff's counsel
7  first received notice of Ms. Marshall hiring counsel on June 10, 2016, Kelli Sager of
8  Davis Wright Tremaine LLP, who engaged in her first conversation with Plaintiff's
9  counsel on a Friday after business hours.  In that conversation, Ms. Sager pressed
10 for an instant agreement to enter into a further stipulation to continue the hearing on
11 Plaintiff's Motion – either to the date the Court had already denied, or to a later date
12 in August or September.  When Plaintiff's counsel asked for information, noted this
13 Court had rejected August 1, 2016 as the hearing date, and resisted instant
14 agreement, Ms. Sager refused to provide a single business day courtesy and filed the
15 Application on Monday morning.
16     What is remarkable is that Ms. Marshall waited more than two months to
17 engage counsel, effectively ignoring deadlines imposed by law and ordered by the
18 Court.  When Ms. Marshall allegedly retained counsel, Ms. Sager expected Plaintiff
19 to act instantly – on a Friday evening after business hours without any prior notice.
20 Ms. Marshall's Application is driven by her own failure to act diligently in a timely
21 manner.  She has created this crisis and now seeks relief from the Court.  Ms.
22 Marshall will not be unduly prejudiced by the denial of this Application because she
23 still has time to prepare an opposition to Plaintiff's Motion.  Plaintiff, however, will
24 be prejudiced if the Application is granted because a continuance will allow
25 Defendants to file motions in response to the Complaint before a hearing on
26 Plaintiff's Motion can be had and in turn delay or stay Plaintiff's remedy.
27
28 [1] Having previously appeared in pro per, it seems that some document of substitution was needed.

6381442.2

## II. RELEVANT FACTS

The dispute at issue in this litigation began on March 29, 2016 through a Facebook message, when Ms. Marshall sought Plaintiff's permission to use Gene Kelly's copyrighted material and Plaintiff rejected such a request. *See* ECF No. 20-1 [Kelly Declaration, Ex. 2]. Ms. Marshall was formally advised of Plaintiff's position by a cease and desist letter sent to her on March 31, 2016, which letter alerted Ms. Marshall of potential litigation should Ms. Marshall continue with her planned publication that will include Gene Kelly's copyrighted material. *Id*. [Kelly Declaration, Ex. 7]. Subsequently, Plaintiff, on April 29, 2016, filed the Complaint in this action. ECF No. 1. Ms. Marshall has therefore been a participant in this dispute since March or April 2016 at the latest and has appeared herein *in pro per* on May 23, 2016. *See* ECF Nos. 25-26.

On May 23, 2016, Plaintiff granted a professional courtesy to both Defendants, University Press of Mississippi and Kelli Marshall, in *pro per*, by stipulating to (1) extend the deadline for Defendants to respond to the Complaint by not more than 30 days; and (2) to continue the hearing date on Plaintiff's Motion to August 1, 2016. *See* ECF No. 26; Declaration of Mitchell Reinis ("Reinis Decl."), ¶ 2. On May 24, 2016, this Court issued an Order on the parties' stipulation, declining the parties' proposed hearing date of August 1, 2016 for Plaintiff's Motion. The Court, instead, set a hearing date of July 11, 2016 on Plaintiff's Motion. *See* ECF No. 27; Reinis Decl. ¶ 3. Accordingly, Defendants' oppositions to Plaintiff's Motion were set to be filed by June 20, 2016. ECF No. 27.

On Friday, June 10, 2016, Plaintiff's counsel received an email from Kelli Sager of Davis Wright Tremaine LLP informing Plaintiff's counsel that she was representing Defendant, Kelli Marshall, in this instant litigation. Reinis Decl. ¶ 4. In this email, Ms. Sager asked that Plaintiff stipulate to a continuance of the hearing on Plaintiff's Motion to the same date that the Court had already rejected – August 1, 2016, and also to continue the date of the Scheduling Conference set by

the Court. *Id*. Upon receipt of that email, Plaintiff's counsel tried to contact Ms. Sager and her partner regarding the request, but could not reach either counsel for several hours. *Id*. ¶¶ 5-7. Plaintiff's counsel and Ms. Sager finally communicated for the first time via telephone Friday evening after 5:00 p.m., when Ms. Sager returned Plaintiff's counsel's telephone call. *Id*. ¶ 8. During this telephone call, Ms. Marshall's counsel pressed for an immediate decision on her request to postpone the hearing on Plaintiff's Motion, but Plaintiff's counsel was not in a position to agree or disagree with the concept of a continuance without the opportunity to discuss the matter with Plaintiff. *Id*. Plaintiff's counsel also informed Ms. Sager that it would be inappropriate to agree to a stipulation for a continuance of the hearing to a date *this Court has already denied*. *Id*.

At the conclusion of Plaintiff's counsel's conversation with Ms. Sager, at about 5:40 p.m. on that same Friday, Ms. Sager threatened to file this Application should Plaintiff not notify her by Monday morning regarding an agreement to stipulate. *Id*. ¶ 10. Prior to the events of June 10, 2016, neither Plaintiff nor her counsel had any idea that Ms. Sager or her firm, Davis Wright Tremaine, would be representing Ms. Marshall.[2] *Id*.

At no time has Ms. Marshall explained why she delayed until June 9, 2016 to obtain counsel, having known about the dispute with Plaintiff since at least April 2016. Reinis Decl. ¶ 11.

### III. **EX PARTE RELIEF IS IMPROPER**

*Ex parte* relief is reserved for extraordinary circumstances, which do not exist here. For *ex parte* relief to be granted, the moving party must show that (1) she "is

---

[2] During the parties' counsel's conversation, Plaintiff's counsel tried to obtain information regarding the anticipated publication date of the book that is the subject of this litigation, and the specific content of said book. Reinis Decl. ¶ 9. Ms. Sager refused to consider sharing such information. Contrary to Ms. Sager's statements and assumptions during this discussion, Plaintiff's counsel advised Ms. Sager that Plaintiff's request for such information is unrelated to her decision to agree or disagree to the second continuance that is at issue on this Application. *Id*.

without fault in creating the crisis that requires ex parte relief" and (2) she will be irreparably prejudiced if the underlying motion is heard accordingly to a regularly noticed motion." *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). As detailed below, Defendant Marshall cannot make either showing.

### A. Marshall is Responsible for Creating the Crisis

Ms. Marshall is solely responsible for creating the "crisis" for which she now seeks relief. Ms. Marshall was first informed that permission was not being given for her intended use of Gene Kelly's copyrighted material on March 29, 2016, through a Facebook message exchange with Plaintiff. *See* ECF No. 20-1 [Kelly Declaration, Ex. 2]. Ms. Marshall was then formally advised of potential litigation by a cease and desist letter just a few days later on March 31, 2016. *Id*. [Kelly Declaration, Ex. 7]. This action was then filed on April 29, 2016. Ms. Marshall has therefore been a participant in this dispute since March or April 2016 at the latest. At no time has Ms. Marshall or her counsel explained why the alleged date of hiring counsel was delayed until June 9, 2016 – <u>more than two months from knowledge of the dispute</u>. Reinis Decl. ¶ 11. That Ms. Marshall failed to do so is her own doing.

Plaintiff has already given Ms. Marshall time to respond to Plaintiff's Motion (in addition to the time provided by law). Not only did Ms. Marshall take this extension for granted, but she waited until Friday after regular business hours on June 10, 2016 to seek a stipulation for a second continuance and her counsel had the temerity to require an immediate response from Plaintiff. *Id*. ¶¶ 8-10. While Plaintiff has provided courtesy in the past, Defendant could not provide the courtesy of a single business day to Plaintiff to consider the requested continuance.

Contrary to Defendant's counsel's assertions, Defendant Marshall was not "forced" to file this Application. Defendant had control over her timeline, having known about the dispute with Plaintiff since at least April, and ***unilaterally chose*** to provide Plaintiff no professional courtesy and to move forward with this Application

on Monday morning, creating and perpetuating the "crisis" at hand. *See Mission Power Eng'g Co.*, 883 F. Supp. at 492.

No reasoning provided in the Application explains or even purports to justify Ms. Marshall's delay in seeking to retain counsel for two months and then demanding opposing counsel's instant cooperation. Where the moving party fails to explain why the filing of the *ex parte* application to continue a hearing date "is not a crisis of his own creation precluding him from seeking *ex parte* relief," the Court properly should deny the *ex parte* application. *Yent v. Baca*, No. CV-01-10672 PA(VBKX), 2002 WL 32810316, at *1 (C.D. Cal. Dec. 16, 2002) (denying *ex parte* application to continue hearing date). Therefore, there is no justification to allow Ms. Marshall to receive special treatment from other litigants and be rewarded for ignoring the timely judicial process.

### B. Ms. Marshall Will Not Be Unduly Prejudiced by the Denial of *Ex Parte* Relief

As stated above, Ms. Marshall has been a participant in this dispute with Plaintiff since at least April 2016 and has had more than two months to retain counsel and to analyze the claims against her. Plaintiff has even courteously stipulated to extending Ms. Marshall's deadlines to ensure that Ms. Marshall has ample time to retain counsel. Reinis Decl. ¶ 2. Ms. Marshall's unexplained delay in retaining counsel should not be chargeable to Plaintiff.

Irrespective of Ms. Marshall's delay, however, sufficient time exists for Ms. Marshall to file her intended opposition to Plaintiff's Motion without a continuance of the hearing date. Ms. Marshall's counsel, in her declaration, noted that she received Marshall's "signed letter of retention" on June 9, 2016. ECF No. 32-1, ¶ 8. Even if the official letter memorizing the engagement was finalized on June 9, 2016, it had to have been sent previously, and it is more than likely that Ms. Marshall had agreed to retain counsel earlier and had communications regarding the case and its merits with her counsel prior to June 9. *See* Reinis Decl. ¶ 15.

Nevertheless, even assuming that not a single attorney, including Ms. Sager, knew about Plaintiff's Motion or this case in general prior to receipt of the signed retention letter on June 9, 2016 (an assumption that is inconceivable) Ms. Marshall's counsel still has 11 days from said June 9 date to prepare a timely opposition to Plaintiff's Motion. Indeed, a large firm such as Davis Wright Tremaine can prepare an opposition to a preliminary injunction motion in such a time period. Accordingly, even if Ms. Marshall's counsel is inconvenienced by the deadline, undue prejudice does not exist, as Ms. Marshall herself caused such a delay.[3]

Moreover, Plaintiff, through conversations with counsel to Ms. Marshall's co-defendant, University Press of Mississippi, has been advised that one or more motions under Federal Rule of Civil Procedure 12(b) would be made. *Id*. ¶ 16. University Press of Mississippi has not yet responded to the Complaint. *Id*. For this reason, Plaintiff's counsel believes that the request to postpone the hearing on Plaintiff's Motion is a tactical ploy so that Defendants can avoid a decision by this Court on that crucial issue. *Id*. As stated above, Defendant Marshall has had more than enough time to retain counsel and still have plenty of time to oppose Plaintiff's Motion in a timely manner. The Application is improper, and, in effect, highly prejudicial to Plaintiff's interests.

## IV. PLAINTIFF IS AMENABLE TO A CONTINUANCE OF THE SCHEDULING CONFERENCE

Plaintiff's and Ms. Marshall's counsel did not substantively discuss Ms. Marshall's request to continue the Scheduling Conference with the Court. Reinis Decl. ¶ 12. Plaintiff is amenable to continuing the date of the Scheduling Conference to such date as the Court may find reasonable. However, Plaintiff notes

---

[3] Ms. Sager also seeks a continuance because she has a prior conflicting obligation to attend a legal convention on the date of the hearing set for Plaintiff's Motion. Mr. Isaacs, a senior partner at Davis Wright Tremaine, has also been identified as counsel to Ms. Marshall. Ms. Sager has not made any reference to Ms. Isaacs being unable to appear for the hearing, should one take place and require personal appearance.

that she is anxious to commence discovery in view of Defendants' reluctance to volunteer any specific information about the planned publication.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Ms. Marshall's *ex parte* application to continue the date of the hearing on Plaintiff's Motion.  Plaintiff is amenable to continuing the date of the Scheduling Conference to such date as the Court may find reasonable.

DATED:  June 14, 2016         THOMPSON COBURN LLP


By:   /s/ Mitchell Reinis
**MITCHELL REINIS**
**DIANA A. SANDERS**
Attorneys for Plaintiff Patricia Ward Kelly

6381442.2

8

PLAINTIFF'S OPPOSITION RE EX PARTE APPLICATION OF DEFENDANT KELLI MARSHALL TO (1) CONTINUE HEARING AGAIN ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND (2) CONTINUE SCHEDULING CONFERENCE

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 2029 Century Park East, Suite 1900, Los Angeles, CA 90067.

On June 14, 2016, I served true copies of the following document(s) described as **PLAINTIFF'S OPPOSITION RE EX PARTE APPLICATION OF DEFENDANT KELLI MARSHALL TO (1) CONTINUE HEARING AGAIN ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND (2) CONTINUE SCHEDULING CONFERENCE** on the interested parties in this action as follows:

| | |
|---|---|
| **Donna M. Dean, Esq.**<br>**CAAG-Office of Attorney General**<br>**California Department of Justice**<br>**300 South Spring Street, Suite 1702**<br>**Los Angeles, CA 90013-1230** | *Attorney for Defendant, University Press of Mississippi* |
| **Lawrence A. Schemmel, Esq.**<br>**Office of the Attorney General**<br>**Mississippi Department of Justice**<br>**401 North West Street**<br>**Jackson, MS 39215-1850** | *Attorney for Defendant, University Press of Mississippi* |
| **Kelli L. Sager, Esq.**<br>**Davis Wright Tremaine LLP**<br>**865 South Figueroa Street, Suite 2400**<br>**Los Angeles, CA 90017-2566** | *Attorney for Defendant, Kelli Marshall* |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 14, 2016, at Los Angeles, California.


*/s/ Lauren A Stevens*
Lauren A Stevens