JIM HOOD
Attorney General of Mississippi
LAWRENCE A. SCHEMMEL
Office of the Attorney General
  P. O. Box 1850
  401 North West Street
  Jackson, MS 39215-1850
  Telephone: (601) 359-7600
  Facsimile: (601) 359-7774
  E-mail: *lschemmel@mdot.ms.gov*

KAMALA D. HARRIS
Attorney General of California
JOEL A. DAVIS
Supervising Deputy Attorney General
DONNA M. DEAN
Deputy Attorney General
State Bar No. 187104
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013
  Telephone: (213) 897-9442
  Facsimile: (213) 897-2810
  E-mail: Donna.Dean@doj.ca.gov

*Attorneys for Defendant*
*University Press of Mississippi*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PATRICIA WARD KELLY, an individual**, <br><br> Plaintiff, <br><br> v. <br><br> **UNIVERSITY PRESS OF MISSISSIPPI, a Mississippi Corporation, KELLI MARSHALL, an individual, and DOES 1 through 10,** <br><br> Defendants. | Case No. 2:16-cv-02960-PA-GJS <br><br> **OPPOSITION OF UNIVERSITY PRESS OF MISSISSIPPI TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** <br><br> Response Date: July 11, 2016 <br><br> Hearing Date: August 1, 2016 <br> Time: 1:30 PM <br> Courtroom: 15 <br> Judge: Hon. Percy Anderson <br><br> ([Proposed] Order Concurrently Lodged) <br><br> Action Filed: 4/29/2016 |

# TABLE OF CONTENTS

Page

I.    SUMMARY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   APPLICABLE LEGAL STANDARDS. . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  ARGUMENTS

    A.  Plaintiff Cannot Show a Likelihood of Success on the Merits
       of Her Claims Against University Press of Mississippi . . . . . . . . . . 3

      1.  Plaintiff does not have rights in copyright to the Interviews. . . . 3

      2.  Plaintiff does not have rights in copyright to those
         portions of the Interviews in which Gene Kelly spoke. . . . . . . . . 4

      3.  Plaintiff does not have rights in copyright to
         the Interviews as a joint author . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      4.  Plaintiff does not have exclusive rights in copyright
         to the Interviews. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      5.  This matter is not ripe for adjudication. . . . . . . . . . . . . . . . . . . . 6

    B.  Plaintiff Cannot Show a Likelihood of Irreparable Harm
       in the Absence of Preliminary Injunctive Relief . . . . . . . . . . . . . . . 7

    C.  Plaintiff Cannot Show that the Balance of Equities
       Tips in the Plaintiff's Favor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    D.  Plaintiff Cannot Show that an Injunction is
       in the Public Interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    E.  Plaintiff Should Post a Bond or Security
       if an Injunction is Issued . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

IV.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

1

## TABLE OF AUTHORITIES

2

**Cases**                                                                 **Page**

3

4

*Aalmuhammed v. Lee*,
    202 F.3d 1227 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5

6

*Alexander v. United States*,
    509 U.S. 544 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

7

8

*Caribbean Marine Servs. Co. v. Baldridge*,
    844 F.2d 668 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

9

10

*Community for Creative Non-Violence v. Reid*,
    490 U.S. 730 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11

12

*City of Los Angeles v. County of Kern*,
    462 F. Supp. 2d 1105 (C.D. Cal. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

13

14

*Dahl v. HEM Pharmaceuticals Corp.*,
    7 F.3d 1399 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

15

16

*Danjaq LLC v. Sony Corp.*,
    263 F.3d 942 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

17

18

*eBay v. MercExchange LLC*,
    547 U.S. 388 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

19

20

*Effects Associates, Inc. v. Cohen*,
    908 F.2d 555 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

21

22

*Ellison v. Robertson*,
    357 F.3d 1072 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

23

24

*Elrod v. Burns*,
    427 U.S. 347 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

25

26

*Falwell v. Penthouse Int'l, Ltd.*,
    521 F. Supp. 1204 (W.D. Va. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

27

28

*Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*,
   654 F.3d 989 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Fox Broad. Co. v. Dish Network LLC*,
   583 F.Appx 618 (9th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Garcia v. Google, Inc.*,
   786 F.3d 733 (9th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*L.A. Memorial Coliseum Comm'n v. Nat'l Football League*,
   634 F.2d 1197 (9th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
   571 F.3d 873 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Oddo v. Ries*,
   743 F.2d 630 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Perfect 10, Inc. v. Amazon.com, Inc.*,
   508 F.3d 1146 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Richlin v. Metro-Goldwyn-Mayer Pictures, Inc.*,
   531 F.3d 962 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Richmond v. Weiner*,
   353 F.2d 41 (9th Cir. 1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Rosemont Enters., Inc. v. Random House, Inc.*,
   366 F.2d 303 (2nd Cir. 1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Sammartano v. First Judicial Dist. Court in and for Cty. of Carson City*,
   303 F.3d 959 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*South Pacific Transp. Co. v. City of Los Angeles*,
   922 F.2d 498 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*Stormans, Inc. v. Selecky*,
   586 F.3d 1109 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*Taggart v. WMAQ Channel 5 Chicago*,
   No. 00-cv-4205, 2000 WL 1923322 (S.D. Ill. 2000) . . . . . . . . . . . . . . . . . . . . .3

*Winter v. Natural Res. Def. Council, Inc.*,
    555 U.S. 7 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8

**Statutes**

17 U.S.C. § 101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

17 U.S.C. § 102 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

17 U.S.C. § 201(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

17 U.S.C. § 410 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Rules**

F.R.C.P. 19 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

F.R.C.P. 65 (c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

1    Defendant University Press of Mississippi hereby responds and presents its

2    Opposition to Plaintiff Patricia Ward Kelly's Motion for Preliminary Injunction.

3    ECF 20.

4

5                          **I.  SUMMARY**

6    The Plaintiff in this matter demands that the University Press be precluded

7    from publishing material about Gene Kelly.  She has filed an incredulous action

8    against the University Press and Dr. Kelli Marshall alleging copyright infringement

9    based on claims that she owns all rights to all words spoken by Mr. Kelly,

10   particularly those words in thirty-three (33) interviews ("Interviews") she

11   references for which she claims rights in copyright. ECF 20.  The Court should

12   deny her Motion for Preliminary Injunction.

13   Nothing currently has been published using such material or other material

14   about Gene Kelly, but the University Press has plans to publish such scholarly book

15   in the future, so that no infringing work even exists.  Plaintiff has failed to identify

16   exactly what work that has been or will be infringed and in which she claims a valid

17   and registered copyright.  Much if not all of the material in the Interviews has been

18   previously published in some form by other parties.  Moreover, Plaintiff has

19   recently filed applications for copyright registrations for the words spoken in the

20   Interviews in what appears to be an attempt to completely control such material and

21   to prevent the University Press, and anyone else, from publishing or referring to

22   those words.  ECF 20.

23   Enjoining the University Press from publication of material in the Interviews

24   would unconstitutionally restrain First Amendment rights that promote free speech

25   and amount to censorship.  Moreover, no evidence has or can be presented by

26   Plaintiff that she has any rights to copyright of such material, and certainly not

27   exclusive rights.  Additionally, Plaintiff has not and cannot meet the burden of

28

showing a single factor of the four factors required for obtaining a preliminary injunction as outlined below.

Even if Plaintiff could possibly overcome all the requisite burdens legally and factually, the fact is that previous publishers of the Interviews can license or publish such material again.  The University Press, or any other republisher, should not be censored and should not be restrained or enjoined from publication of material in the Interviews.  Plaintiff's demand for preliminary injunction in this matter should be denied.

## II.  APPLICABLE LEGAL STANDARDS

A plaintiff seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary injunctive relief; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); see also *eBay v. MercExchange LLC*, 547 U.S. 388 (2006); *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 994 (9th Cir. 2011); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 877 (9th Cir. 2009).  A preliminary injunction is an extraordinary remedy that is never awarded as of right.  *Winter*, 555 U.S. at 24.  A clear showing that the plaintiff is entitled to such relief must exist.  *Id*. at 22.

A demand for a preliminary injunction that changes the status quo is subject to a heightened level of scrutiny and an injunction should not issue unless the facts and the law clearly favor the movant.  *Dahl v. HEM Pharmaceuticals Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).  The burden on the movant is heavy where granting a preliminary injunction gives the movant substantially the same relief that he or she would potentially obtain after a trial on the merits.  *City of Los Angeles v. County of Kern*, 462 F. Supp. 2d 1105, 1111 (C.D. Cal. 2006).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.  ARGUMENTS

University Press contends that Plaintiff cannot meet any requirement of a right to a preliminary injunction in this matter.

### A. Plaintiff Cannot Show a Likelihood of Success on the Merits of Her Claims Against University Press of Mississippi

The Plaintiff in this case cannot show a likelihood of success on the merits and cannot prove the requisite elements to prevail on her copyright infringement claim.  Protection of copyright rights is afforded to "original works of authorship fixed in any tangible medium of expression."  17 U.S.C. § 102.  A plaintiff must prove, to prevail on a copyright infringement claim, that: (1) the plaintiff has ownership rights in the copyrighted material, and (2) the defendant has violated the plaintiff's exclusive rights under the Copyright Act. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004); see also *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1158 (9th Cir. 2007).  The Plaintiff in this case cannot establish or prove either of these elements.  Plaintiff has failed to present any evidence of ownership of the Interviews, any evidence that University Press has violated any alleged rights she claims to possess, or any evidence that the works she claims to own are even copyrightable.

### 1.  Plaintiff does not have rights in copyright to the Interviews.

Plaintiff has not shown and cannot show that she owns any rights to copyright in the Interviews.  She failed to register said Interviews within five years of publication and has no presumption of ownership as a result.  17 U.S.C. § 410.  A plaintiff must show copyright ownership in a work of authorship.  Moreover, an interviewee, without an agreement to the contrary, has no rights to copyright in his/her interview responses. *Taggart v. WMAQ Channel 5 Chicago*, No. 00-cv-

4205, 2000 WL 1923322, 57 U.S.P.Q.2d 1083 (S.D. Ill. 2000).  Plaintiff here has no rights in copyright to Gene Kelly's spoken interview words.  An interviewee is not the author of a subsequent work fixed in a tangible medium, particularly when fixed by another individual or entity.  *Id*.  Factual responses to interview questioning simply do not implicate copyrightable matter.  *Id*.

### 2. Plaintiff does not have rights in copyright to those portions of the Interviews in which Gene Kelly spoke.

Plaintiff has no rights in copyright to the spoken interview words of Gene Kelly since he himself had no such rights.  Plaintiff's claims of ownership of Gene Kelly's spoken words are simply untenable since there was no embodiment of the expression of any idea and therefore no proprietary ownership existed or now exists.  *Falwell v. Penthouse Int'l, Ltd.*, 521 F. Supp. 1204, 1207 (W.D. Va. 1981).

Additionally, Plaintiff cannot show that Gene Kelly's interview words constitute copyrightable material at all.  Even if the relevant material was copyrightable, Plaintiff has also failed to establish that registration procedures were correctly followed or properly renewed for certain Interview material published before January 1, 1978.

### 3. Plaintiff does not have rights in copyright to the Interviews since Gene Kelly was not the author.

An author who is entitled to rights in copyright is one who creates the work and who places an idea into a fixed, tangible medium of protectable expression.  See *Community for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989).  The individual who fixes such ideas (words) in such tangible medium is therefore entitled, if anyone is, to claim rights in copyright to interview words.  Here, Plaintiff has failed to show, and cannot show, that Gene Kelly ever was such

individual who fixed his interview words in any tangible medium and, as a result, cannot possibly claim ownership thereto.  Plaintiff has not shown and cannot show that Gene Kelly arranged, edited, or published any such interview material he apparently provided during his career.

### 4.  Plaintiff does not have exclusive rights in copyright to the Interviews.

Plaintiff cannot show that Gene Kelly had or that she has exclusive rights to copyright in the Interviews.

A joint copyrightable work is one that is prepared by two or more authors intending that their contributions be merged into inseparable or interdependent parts of a unitary whole.  17 U.S.C. § 101; *Richlin v. Metro-Goldwyn-Mayer Pictures, Inc.*, 531 F.3d 962, 968 (9th Cir. 2008), *cert. denied*, 555 U.S. 1137 (2009).  Further, for a work to qualify as a joint work, there must be (1) a copyrightable work; (2) two or more authors; and (3) an intention by the authors for their contributions to be merged into inseparable or interdependent parts of a unitary whole.  *Aalmuhammed v. Lee*, 202 F.3d 1227, 1231 (9th Cir. 2000).

In the case of a joint copyrightable work, each contributing author shares a non-exclusive right in the creation with the other contributing authors.  17 U.S.C § 201(a).  A joint author may exploit the work without the consent of the other co-authors.  *Richmond v. Weiner*, 353 F.2d 41, 46 (9th Cir. 1965).  Each co-owner has an independent right to use or license the use of the copyright without being liable to another co-owner for infringement of the copyright.  *Oddo v. Ries*, 743 F.2d 630, 632-22 (9th Cir. 1984).

Here, Gene Kelly at best was a joint author of the Interviews.  If he had been a joint author, the University Press or any other publisher may utilize and/or publish the Interviews through licensure with the rightful owner(s) without infringing any

relevant rights in copyright.  At best, he would have been a co-author with other parties (interviewers and/or publishers).  Therefore Plaintiff, as the alleged successor in interest to any such copyright rights, would not have <u>exclusive</u> rights to the Interviews since each co-owner would have the right to use or license such rights.  *Oddo*, 743 F.2d at 632-33.  The University Press may then publish material properly licensed by any party via a co-owner and may itself license such rights from any co-owner without affecting Plaintiff's alleged rights.  Moreover, previous publishers of the Interviews had at a minimum an implied license to publish and republish Gene Kelly's words within the Interviews.  *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 558 (9th Cir. 1990).  Plaintiff's contention that the interview words were and are separate and/or independent collective works entitled to protection is incorrect since such words were part of and integral to material fixed in a tangible medium via published articles or other formats.  The University Press may republish such material.

Finally, University Press has been and is in contact with third parties that may claim rights in copyright to certain material included in the Interviews.  Plaintiff has failed to include indispensable parties and, as a result, cannot be provided injunctive protections from the Court.  See Fed. R. Civ. P. 19.

### 5.  This matter is not ripe for adjudication.

The University Press cannot be held liable for infringement of rights in copyright where nothing has been published that violates Plaintiff's alleged rights.  Federal courts lack subject matter jurisdiction in matters where claims are not ripe and should dismiss such claims.  *South Pacific Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990).  Moreover, the publication by University Press of properly licensed or available material should not be enjoined since use of such material may be considered a fair use of academic material.

## B. Plaintiff Cannot Show a Likelihood of Irreparable Harm in the Absence of Preliminary Injunctive Relief

Here, Plaintiff cannot show any connection between an alleged injury to her business or rights and any alleged infringement or future infringement.  Plaintiff must show that she would incur irreparable, irreparable, and immediate harm if the University Press is not enjoined from publication of material from the Interviews. She has not and cannot show such harm.

Plaintiff contends that the University Press' sales would harm her future publications and/or her performances.  ECF 20.  Such sales would hardly constitute potential harm to her business, and in fact be more likely to enhance interest in Gene Kelly's life and talents.

Speculative harm cannot be used to support any claim of irreparable harm. *Fox Broad. Co. v. Dish Network LLC*, 583 F.Appx 618, 619 (9th Cir. 2014). Plaintiff only contends that she has and will continue to present Gene Kelly's life and talents in multiple ways, but presents no proof that her planned projects would be irreparably harmed or even adversely affected, or specifically in what way(s), by the University Press publishing a work that encompasses material from the Interviews.  Her assertion that she requires complete control of all that she claims she owns of Gene Kelly's interview material to maintain authentic presentations is pure speculation and not a basis for claim(s) of any harm whatsoever, much less the irreparable harm required here.  Her assertion that the words of Gene Kelly are hers to control and to preclude others from using and analyzing without approval is entirely overreaching and completely speculative regarding the harm that could result.

Proof of an immediate threatened harm is required for preliminary injunctive relief.  *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).  Here, no immediately threatened harm is even possible as her presentation

plans are themselves uncertain.  Additionally, any possible harm would be minimal at best, precluding any form of injunctive relief.  Plaintiff simply has not and cannot show irreparable harm.

### C. Plaintiff Cannot Show that the Balance of Equities Tips in the Plaintiff's Favor

For this Court to grant injunction relief, the Plaintiff must show that the balance of equities tips in her favor.  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1138 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20).  The Court must balance the interests of all parties and weigh the damage(s) to each party.  *L.A. Memorial Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1203 (9th Cir. 1980).  Further, the Court must consider whether the Plaintiff's demand for a preliminary injunction would adversely affect the rights of others such as nonparties and/or the public.  *Winter*, 555 U.S. at 26.

Plaintiff cannot show that she will suffer more severe hardship than the University Press without the latter being enjoined.  She simply has lamented that her hardship is greater but does not explain whatsoever.  ECF 20.  Moreover, Plaintiff only recently applied for multiple copyright registrations for material found in the Interviews, precluding any form of equitable relief.  *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 952 (9th Cir. 2001).  The length of time from the actual interviews to Plaintiff's sudden and recent assertion of alleged rights in copyright to material in the Interviews warrants the denial of relief, particularly in this case.

The University Press, on the other hand, would be unquestionably harmed by such equitable relief of any injunction against it.  Such a drastic prior restraint would cause irreparable injury and completely eviscerate the University Press of its First Amendment rights.  *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

The balance of equities does not tip in favor of the Plaintiff and in fact tips

clearly in favor of the University Press.

## D. Plaintiff Cannot Show that an Injunction is in the Public Interest

Plaintiff's demand for an injunction attempts to quash the plans of the University Press of publishing an academic work by Dr. Marshall about Gene Kelly and simultaneously attempts to claim that she alone owns and controls anything Mr. Kelly ever said via interviews.  Plaintiff's demand is a classic attempt to restrain speech as an unconstitutional prior restraint.  *Garcia v. Google, Inc.*, 786 F.3d 733,747 (9th Cir. 2015).  Such prior restraints amount to censorship and are intolerable under First Amendment protections.  *Alexander v. United States*, 509 U.S. 544, 550 (1993).  Plaintiff cannot overcome the presumption against such a restraint by hiding behind her claims of copyright.  *Garcia*, 786 F.3d at 747.  Only now has Plaintiff attempted to register what she claims are her sole rights to copyright in multiple Interviews given by Gene Kelly (specifically his words), many if not all of which have been previously published or been available for use, and filed this preemptive lawsuit to stop the University Press and any other entity and individual from use or publication of such material.

An injunction in this case would be an unconstitutional prior restraint and would not serve the public interest whatsoever.  It would potentially deprive the public of a socially valuable publication about an individual of interest and his life and talents.  Book publication is a subject for which courts typically have for a long period of time avoided issuing injunctions.  See *Rosemont Enters., Inc. v. Random House, Inc.*, 366 F.2d 303, 311 (2nd Cir. 1966) (court did not enjoin publication of biography allegedly infringing copyright); see also *Garcia*, 786 F.3d at 734-37 (Court determined that preliminary injunction in copyright infringement matter was a prior restraint and copyright law should not suppress free expression).

The issuance of an injunction in this case will potentially allow any speaker or interviewee, particularly public individuals, an unfettered right to monopolize their words to the detriment of the public and its right and interest to obtain such information.  Most importantly, such deprivation would violate the First Amendment.  *Sammartano v. First Judicial Dist. Court in and for Cty. of Carson City*, 303 F.3d 959, 974 (9th Cir. 2002).  An injunction would adversely affect the public by effectively censoring the University Press' right to publish.  The Court should not allow Plaintiff to preclude Dr. Marshall's speech or the University Press from publication.

### E. Plaintiff Should Post a Bond or Security if an Injunction is Issued

A prerequisite for any injunction is a bond sufficient to compensate University Press for all damages it may suffer if an injunction is later reversed or vacated.  Plaintiff has failed to post such security pursuant to Fed. Rule of Civil Procedure 65(c), which requires posting of a bond sufficient to ensure that damages may be accounted for in the event the Court later determines that the injunction was wrongly issued.  A preliminary injunction may be issued only if the movant gives security in an amount the Court deems proper to pay the costs and damages suffered by defendants or any party wrongfully enjoined.  Fed. R. Civ. P. 65(c).  Here, Plaintiff must post a bond or give security great enough to compensate the both the University Press and Dr. Kelli Marshall, and all costs and fees of defense, before any injunction may be considered, that amount estimated to be no less than $500,000.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### IV.   CONCLUSION

Plaintiff has wholly failed to meet the burden of showing that any of the factors required for injunctive relief apply or weigh in her favor whatsoever.  The University Press should be free to publish an editor's creative works and not be quashed by Plaintiff's truculent conduct and claims to alleged rights in copyright to all of Gene Kelly's spoken interview words.  For all the forgoing reasons, the Plaintiff's Motion for Preliminary Injunction should be denied in its entirety.

//
//
//

Dated:  July 11, 2016                     Respectfully submitted,

                                          JIM HOOD
                                          Attorney General of Mississippi
                                          /S/ LAWRENCE A. SCHEMMEL
                                          Office of the Attorney General

                                          KAMALA D. HARRIS
                                          Attorney General of California
                                          JOEL A. DAVIS
                                          Supervising Deputy Attorney General

                                          DONNA M. DEAN
                                          Deputy Attorney General

                                          *Attorneys for Defendant*
                                          *University Press of Mississippi*

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//