UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2960 PA (GJSx) | Date | August 16, 2016 |
|---|---|---|---|
| Title | Patricia Ward Kelly v. University Press of Mississippi, et al | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court are two motions. The first is a Motion for Preliminary Injunction (Docket No. 20) filed by plaintiff Patricia Ward Kelly ("Plaintiff"), to which defendants University Press of Mississippi ("University Press") and Kelli Marshall ("Marshall") (collectively "Defendants") have each filed an Opposition. (Docket Nos. 39, 42.) The second is a Motion to Dismiss, filed by Marshall, and joined by University Press. (Docket Nos. 36, 45.) Plaintiff has filed an Opposition both to the Motion to Dismiss itself, and to University Press's joinder in the motion. (Docket Nos. 41, 47). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearings calendared for August 1, 2016, are vacated, and the matters taken off calendar.

**I.   Background**

Plaintiff is the surviving spouse of Eugene C. Kelly ("Gene Kelly"), an internationally famous entertainer who passed away in 1996. (Compl. ¶¶ 1, 11.) After Gene Kelly's death, Plaintiff was bequeathed the intellectual property rights in her husband's estate, including the copyright to several interviews he had given (the "Interviews"). (Id. ¶ 12.) Plaintiff is committed to promoting and protecting Gene Kelly's artistry. (Id. ¶ 15.) To that end, Plaintiff performs a one-woman show about Gene Kelly's life, which tours to sold-out audiences worldwide. (Id.)

Defendant Marshall is a college instructor and writer/editor of material that focuses on popular culture and public figures. (Id. ¶ 3.) Marshall has a particular interest in Gene Kelly, and maintains the website "www.genekellyfans.com." (Id. ¶ 7.) On March 29, 2016, Marshall sent Plaintiff a Facebook message which sought Plaintiff's permission to use several Interviews in Defendants' forthcoming book about Gene Kelly (the "Allegedly Infringing Book"). (Id. ¶¶ 18-20; Declaration of Patricia Ward Kelly in Support of Plaintiff's Motion for Preliminary Injunction ("Kelly Decl."), Exs. 2-3.) In response, Plaintiff informed Marshall that any use of the Interviews by Marshall or her publisher, University Press, would require Plaintiff's express authorization. (Compl. ¶ 19; Kelly Decl., Ex 2.)

On March 31, 2016, Plaintiff sent Defendants a cease and desist letter demanding that Defendants abandon their efforts to publish the Allegedly Infringing Book. (Compl. ¶ 24; Kelly Decl., Ex. 7.) On April 11, 2016, the University Press responded to the cease and desist letter by explaining

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2960 PA (GJSx) | Date | August 16, 2016 |
|---|---|---|---|
| Title | Patricia Ward Kelly v. University Press of Mississippi, et al | | |

that Defendants intended to go forward with publication of the Allegedly Infringing Book, but would only include Interviews for which licenses had been obtained from the third party publishers which had originally published the Interviews. (Compl. ¶ 26; Kelly Decl., Ex. 8.) On April 18, 2016, Plaintiff sent Defendants a second cease and desist letter, advising them that only Plaintiff, and not any third party publishers, could authorize use of the Interviews. (Compl. ¶ 27; Kelly Decl., Ex. 9.)

Around this time, in April 2016, Plaintiff filed Copyright Registration Applications for 33 interviews which Gene Kelly had given between 1944 and 1994. (Compl., Ex. A.) Each of the applications indicate that Plaintiff is asserting a copyright interest only in Gene Kelly's words, and disclaims any interest in the words of the interviewer. (Id.)

Plaintiff filed her Complaint on April 29, 2016. The Complaint alleges a single claim for copyright infringement. Plaintiff's requested relief includes a temporary restraining order and preliminary and permanent injunction, actual and compensatory damages and profits, an order for destruction, deletion, or elimination of any material infringing Plaintiff's copyright in the Interviews, statutory damages, and attorney's fees and costs. (Prayer for Relief, ¶¶ 1-5.) Concurrently with the Complaint, Plaintiff filed an Ex Parte Application for a Temporary Restraining Order. (Docket No. 8.) After finding that Plaintiff had failed to meet her burden to justify the issuance of an ex parte temporary restraining order, the Court denied the Ex Parte Application without prejudice to it being refiled as a regularly noticed motion. (Docket No. 14.) Presently before the Court is Plaintiff's Motion for Preliminary Injunction, and a Motion to Dismiss filed by Marshall, and joined by University Press.[1]

**II.     Legal Standard**

    **A.     Motion to Dismiss**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility

---

[1]     Plaintiff objects to University Press's joinder in Marshall's Motion to Dismiss because University Press, unlike Marshall, has filed an Answer. However, because a motion brought under Federal Rule of Civil Procedure 12(c) is considered under the same standard as a motion brought under Federal Rule of Civil Procedure 12(b)(6), Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 (9th Cir. 1989), the Court will allow the joinder.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2960 PA (GJSx) | Date | August 16, 2016 |
|---|---|---|---|
| Title | Patricia Ward Kelly v. University Press of Mississippi, et al | | |

that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 664 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

      **B.    Motion for Preliminary Injunction**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. The Ninth Circuit employs a "sliding scale" approach to preliminary injunctions as part of this four-element test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under this "sliding scale," a preliminary injunction may issue "when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," as long as the other two Winter factors have also been met. Id. (internal citations omitted). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 1867, 138 L. Ed. 2d 162 (1997).

**III.    Discussion**

      Although Defendants raise numerous arguments as to why Plaintiff's copyright claim fails to state a claim or is otherwise unlikely to succeed on the merits, the Court will first consider the jurisdictional issue of whether Plaintiff's claim is ripe. See Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 734 (9th Cir. 1979) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2960 PA (GJSx) | Date | August 16, 2016 |
|---|---|---|---|
| Title | Patricia Ward Kelly v. University Press of Mississippi, et al | | |

884, 896 (3d Cir. 1977)). As explained below, Plaintiff's copyright infringement claim is not yet ripe, and this action must therefore be dismissed.

### A. Ripeness

"Whether a claim is ripe for adjudication goes to a court's subject matter jurisdiction under the case or controversy clause of article III of the federal Constitution." St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). "The ripeness doctrine is drawn both from Article III limitations on judicial power, and from prudential reasons for refusing to exercise jurisdiction." Nat'l Park Hosp. Ass'n v. Dep't of Interior, 538 U.S. 803, 808, 123 S. Ct. 2026, 2030, 155 L. Ed. 2d 1017 (2003). "The ripeness doctrine is peculiarly a question of timing, designed to separate matters that are premature for review because the injury is speculative and may never occur from those cases that are appropriate for federal court action." Wolfson v. Brammer, 616 F.3d 1045, 1057 (9th Cir. 2010) (internal citation and quotation marks omitted). "[T]hrough avoidance of premature adjudication, the ripeness doctrine prevents courts from becoming entangled in 'abstract disagreements.'" Id. (internal quotation marks omitted).

"For a suit to be ripe within the meaning of Article III, it must present concrete legal issues, presented in actual cases, not abstractions." Colwell v. Dep't of Health & Human Servs., 558 F.3d 1112, 1123 (9th Cir. 2009) (internal quotation marks omitted). "The ripeness doctrine demands that litigants state a claim on which relief can be granted and that litigants' asserted harm is 'direct and immediate' rather than speculative or hypothetical." Hillblom v. United States, 896 F.2d 426, 430 (9th Cir. 1990). "At the same time, a litigant need not 'await the consummation of threatened injury to obtain preventive relief. If the injury is *certainly* impending, that is enough.'" Addington v. U.S. Airline Pilots Ass'n, 606 F.3d 1174, 1179 (9th Cir. 2010) (emphasis in original). Courts must then consider two additional factors concerning prudential ripeness: "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Abbott Labs. v. Gardner, 387 U.S. 136, 149, 87 S. Ct. 1507, 1515, 18 L. Ed. 2d 681 (1967).

A motion asserting that a claim is unripe "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." St. Clair, 880 F.2d at 201. "It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction. The district court obviously does not abuse its discretion by looking to this extra-pleading material in deciding the issue, even if it becomes necessary to resolve factual disputes." Id.

Here, Plaintiff's Complaint asserts a single claim for copyright infringement based on "Defendants' intended and threatened publication and dissemination of the Interviews constitutes infringement under the United States Copyright laws." (Compl. ¶ 30.) Plaintiff also maintains that "[a]s a result of Defendants' threatened infringement of Plaintiff's copyrights and her exclusive rights in and to the Interviews, Plaintiff is entitled to actual and statutory damages and profits," as well as injunctive relief and an award of attorney's fees and costs. (Id. ¶¶ 32-33.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2960 PA (GJSx) | Date | August 16, 2016 |
|---|---|---|---|
| Title | Patricia Ward Kelly v. University Press of Mississippi, et al | | |

"To establish copyright infringement, a plaintiff must prove two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S. Ct. 1282, 1296, 113 L. Ed. 2d 358 (1991)). The facts pleaded in the Complaint show only that the Allegedly Infringing Book is "forthcoming" and that despite a cease and desist letter, the University Press plans to "go[] ahead with the Book." (Compl. ¶¶ 22, 26.) Although Plaintiff has placed enormous weight on Marshall's use of the term "forthcoming" to describe the book's publication status – including going as far as to submit a screenshot of the first page of results from a Google search for "forthcoming" – it is clear that the Allegedly Infringing Book is far from completion. As Marshall states in her declaration:

> I am early in the process of researching and selecting interviews for the Future Book, however, and have not made any final decisions yet on what interviews to include in the Future Book.
>
> There is no current publication date for the Future Book, since it has not yet been completed.

(Declaration of Kelli Marshall in Opposition to Motion for Preliminary Injunction, ¶¶ 7-8.)[2/]

The Court has little trouble concluding that no copyright infringement has yet occurred. And even more critically, the Court lacks sufficient facts to determine which Interviews will be included in the Allegedly Infringing Book, or what form they may take. For example, once Marshall finalizes which Interviews she intends to include in her publication, she may decide to use only interviews for which she has obtained a license from a third party publisher. Or perhaps, picking up on argument asserted in her counsel's Motion to Dismiss, she may decide to include only interviews published prior to 1978 or 1964, where Plaintiff's copyright claim is most dubious. Marshall may even decide to more heavily edit the Interviews than she had previously planned, in order to bolster an eventual fair use defense. Or it may simply turn out that when faced with the prospect of continued litigation, Defendants elect to scrap the Allegedly Infringing Book altogether. The possibilities are myriad. Thus, any judgment of infringement necessarily rests on "contingent future events that may not occur as anticipated, or indeed may not occur at all." Cardenas v. Anzai, 311 F.3d 929, 934 (9th Cir. 2002) (quoting Texas v. United States, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998)); see also Shloss v. Sweeney, 515 F. Supp. 2d 1068, 1078 (N.D. Cal. 2007) ("A plaintiff does not have to begin distribution of the potentially infringing product in order to have a controversy ripe for declaratory judgment adjudication, so long as the plaintiff has completed all preparatory work.") (emphasis added); Silverman v. CBS Inc., 632 F. Supp. 1344, 1355 (S.D.N.Y. 1986) (dismissing as unripe a copyright infringement claim where the court could not

---

[2/] Plaintiff has filed an evidentiary objection to paragraph 7 of Marshall's Declaration. (Docket No. 48.) It does not appear that Plaintiff's objection applies to the quoted portion of paragraph 7. However, to the extent that it does, Plaintiff's evidentiary objection is overruled because the quoted passage does not contain inadmissible hearsay, offer a legal conclusion, or violate the best evidence rule.

Case 2:16-cv-02960-PA-GJS   Document 55   Filed 08/16/16   Page 6 of 7   Page ID #:838

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2960 PA (GJSx) | Date | August 16, 2016 |
|---|---|---|---|
| Title | Patricia Ward Kelly v. University Press of Mississippi, et al | | |

examine the allegedly infringing product). The Court therefore concludes that Plaintiff's copyright infringement claim is not ripe.

Plaintiff's opposition to Defendants' ripeness arguments – contained in Plaintiff's Reply in Support of the Motion for Preliminary Injunction and her Opposition to the Motion to Dismiss – are unpersuasive. First, Plaintiff contends that a ripeness challenge must be asserted in a motion brought under Federal Rule of Civil Procedure 12(b)(1), and cannot be asserted in a motion brought under Federal Rule of Civil Procedure 12(b)(6). Even putting aside the fact that Defendants' ripeness arguments are also properly advanced in their respective Oppositions to the Motion for Preliminary Injunction, the Ninth Circuit has flatly rejected Plaintiff's unreasonably formalistic argument: "Like other challenges to a court's subject matter jurisdiction, motions raising the ripeness issue are treated as brought under Rule 12(b)(1) even if improperly identified by the moving party as brought under Rule 12(b)(6)." Chico, 880 F.2d at 201; see also Corrie v. Caterpillar, Inc., 503 F.3d 974, 980 (9th Cir. 2007). The Court therefore concludes that Defendants have challenged the ripeness of Plaintiff's copyright infringement claim in a procedurally sufficient manner.

Second, citing Krottner v. Starbucks Corp., 628 F.3d 1139 (9th Cir. 2010), Plaintiff alleges that she has been faced "with a plausible and credible threat of harm that is real and immediate, but not conjectural or hypothetical." (Opp'n to Motion to Dismiss, 3.) However, Krottner concerns when, based on a credible threat of future harm, a party has suffered a sufficient injury to satisfy Article III's standing requirements. See Krottner, 628 F.3d at 1143. Although standing and ripeness are frequently intertwined, Plaintiff's argument is improperly focused on the plausibility of future harm which would result from publication of the Allegedly Infringing Book, rather than on whether Plaintiff has asserted her claim at a time when it is sufficiently ripe for judicial determination. See Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) ("[R]ipeness can be characterized as standing on a timeline."); Colwell v. Dep't of Health & Human Servs., 558 F.3d 1112, 1123 (9th Cir. 2009) ("But whereas standing is primarily concerned with who is a proper party to litigate a particular matter, ripeness addressees when that litigation may occur.") (internal quotation marks omitted). As explained above, Plaintiff has not asserted her claim at a time when the Court can determine infringement.

In sum, Plaintiff's claim must be dismissed because the multitudinous future factual developments which may occur render even a credible threat of future harm unripe. See US W. Commc'ns v. MFS Intelenet, Inc., 193 F.3d 1112, 1118 (9th Cir. 1999) (holding that a claim is unripe where it requires "future factual development").

**Conclusion**

For the foregoing reasons, Plaintiff's claim for copyright infringement is not ripe, and this action must therefore be dismissed without prejudice. See South Pacific Transp. Co. v. City of Los Angeles, 922 F.2d 498, 502 (9th Cir. 1990) ("If a claim is unripe, federal courts lack subject matter jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2960 PA (GJSx) | Date | August 16, 2016 |
|---|---|---|---|
| Title | Patricia Ward Kelly v. University Press of Mississippi, et al | | |

and the complaint must be dismissed."). Defendants' Motion to Dismiss is granted, and Plaintiff's Motion for Preliminary Injunction is denied.

    IT IS SO ORDERED.[3]

---

[3] Both Plaintiff and Marshall have filed Evidentiary Objections. (Docket Nos. 43, 48.) Except as expressly noted, the Court has not relied on any evidence to which an evidentiary objection has been made. Accordingly, any remaining evidentiary objections are overruled as moot.